# EXHIBIT A



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

| | |
|---|---|
| Production Resource Group, L.L.C. | 08/06/2020 |
| Melissa Sims Executive Administrator / Paralegal | |
| Production Resource Group, L.L.C. | |
| 200 Business Park Drive, Suite 109 | |
| Armonk NY 10504 | |

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2020-59

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Production Resource Group, L.L.C. |
| 2. | **Title of Action:** | Cummings Properties, LLC vs. Production Resource Group, L.L.C. |
| 3. | **Document(s) Served:** | Summary Process (Eviction) Summons and Complaint |
| 4. | **Court/Agency:** | Middlesex County District Court |
| 5. | **State Served:** | Massachusetts |
| 6. | **Case Number:** | N/A |
| 7. | **Case Type:** | Breach of Lease / Eviction Notice |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Wednesday 08/05/2020 |
| 10. | **Date to Client:** | Thursday 08/06/2020 |
| 11. | **# Days When Answer Due:** **Answer Due Date:** | 22 Thursday 08/27/2020 — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:** (Name, City, State, and Phone Number) | Joseph P. Mingolla Woburn, MA 781-935-8000 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 221 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

801 US Highway 1 North Palm Beach, FL 33408   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

Commonwealth of Massachusetts

## SUMMARY PROCESS (EVICTION) SUMMONS AND COMPLAINT

District Court _____ Department

WOBURN. _____ Division          ☐ Residential          Docket No._____

MIDDLESEX _____ ss          ☒ Commercial          Entry Date: August 17, 2020

_____(To be added by clerk's office )_____

### NOTICE OF A COURT CASE TO EVICT YOU – PLEASE READ IT CAREFULLY

### ESTA ES UNA NOTIFICACION DE UN CASO EN CORTE PARA DESALOJARLE – FAVOR DE LEER EL MISMO CON CUIDADO

TO DEFENDANT(S)/TENANT(S)/OCCUPANT(S):   Production Resource Group, L.L.C.
by way of its registered agent, Corporate Creations Network
ADDRESS: _225 Cedar Hill Street, #200_____ CITY/TOWN: _Marlborough, MA_ ZIP: _01752_

You are hereby summonsed to appear at a hearing before a Judge of the Court at the time and place listed below:

DAY: Thursday  DATE: August 27, 2020  TIME: 9:00 AM COURT NAME: Woburn District Court

COURT ADDRESS: _30 Pleasant St., Woburn MA_____ ROOM: Main Session

to defend against the complaint of PLAINTIFF/LANDLORD/OWNER: _Cummings Properties, LLC_

_____ of

STREET _200 West Cummings Park_____ CITY/TOWN: _Woburn, MA_ ZIP: _01801_

that you occupy the premises at _175-A, 175-D, 175-V, 175-W, and 175-X New Boston Street, Woburn, MA 01801_

being within the judicial district of this court, unlawfully and against the right of said Plaintiff/Landlord/Owner

because: _of your failure to pay rent for the months of May, June, July, and August 2020_

and further, that $_932,434.65_____ rent is owed according to the following account:

WITNESS:

Marianne C. Hinkle, Presiding Justice
First or Chief Justice

Joseph P. Mingolla   BBO# 631287
Printed Name of Plaintiff or Attorney

_Joseph P. Mingolla_ (signature)
Signature of Plaintiff or Attorney

August 5, 2020
Date of Signature of Plaintiff or Attorney

ACCOUNT ANNEXED (itemize)

Net present value of rent for the remainder

of the stated term of the commercial lease

_____

200 West Cummings Park, Woburn, MA 01801
Address of Plaintiff or Attorney

781-935-8000
Telephone Number of Plaintiff or Attorney

---

**NOTICE TO EACH DEFENDANT/TENANT/OCCUPANT:** At the hearing on _August 27, 2020_ you (or your attorney) must appear in person to present your defense. You (or your attorney) must also file a written answer to this complaint. An answer is your response stating the reason(s) why you should not be evicted and may, in residential cases, include any claims you have against the Landlord. (An Answer Form is available in the clerk's office whose telephone number is _781-935-4000_.) You must file (deliver or mail) the answer with the court clerk and serve (deliver or mail) a copy on the landlord (or landlord's attorney) at the address shown above. The Answer must be received by the court clerk and received by the landlord (or the landlord's attorney) no later than Monday, _August 24, 2020_, which is the first Monday after the "entry date" listed above. The entry date is the day by which your landlord must file this complaint with the court clerk.

Page 1 of 2 Pages

## A TRUE COPY ATTEST

_Paul J. Tavalone_ (signature)
Paul J. Tavalone, Constable

> **NOTICE TO EACH DEFENDANT/TENANT/OCCUPANT: IF YOU DO NOT FILE AND SERVE AN ANSWER, OR IF YOU DO NOT DEFEND AT THE TIME OF THE HEARING, JUDGMENT MAY BE ENTERED AGAINST YOU FOR POSSESSION AND THE RENT AS REQUESTED IN THE COMPLAINT.**
>
> SI USTED NO REGISTRA O NOTIFICA UNA CONTESTA, O SI USTED NO PRESENTA UNA DEFENSA A LA HORA DE LA AUDIENCIA, UNA SENTENCIA PUEDE SER REGISTRADA EN SU CONTRA PARA POSECCION Y POR LA RENTA REQUERIDA EN EL RECLAMO.

To the Sheriffs of our several counties, or their Deputies, or any Constable of any City or Town within said Commonwealth, GREETINGS: We command you to summon the within named defendant(s)/ tenant(s)/occupant(s) to appear as herein ordered.

_(signature)_
Clerk-Magistrate

### Officer's Return

_____, ss     City/Town:_____     Date:_____

By virtue of this Writ, I this day served the within-named tenant or occupant, and summonsed him/her as herein directed, by giving in hand to_____

or leaving it at _____the last and usual place of abode.

A copy of this summons was mailed first class to each tenant/occupant at the address on:_____.

Fees for Service:

| | |
|---|---|
| Service | $_____ |
| Copy/Attest | _____ |
| Travel | _____ |
| Use of Car | _____ |
| Mailing | _____ |

TOTAL   $_____

Signature of Officer
_____

Printed Name of Officer
_____

Address of Officer
_____

Telephone Number of Officer
_____

> NOTICE TO PLAINTIFF/LANDLORD/OWNER: Have the Officer complete and return above. Service must be made on the defendant(s) no later than the seventh day and not earlier than the thirtieth day before the Monday entry date. This form must be filed in court no later than the close of business on the scheduled Monday entry date. In appropriate cases, proper evidence of notice to quit must be provided to this court upon the filing of this complaint. See Uniform Summary Process Rule 2(d). According to Uniform Summary Process Rule 2(c), the hearing date is the second Thursday after the entry date. In some courts, the hearing date is the second Monday, third Tuesday, third Wednesday, or second Friday.

Amended effective: 09/01/05          **Page 2 of 2 Pages**

AUG 0 5 2020

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                          DISTRICT COURT DEPARTMENT
                                        OF THE TRIAL COURT

**SUMMARY PROCESS ANSWER**

ORIGINAL TRIAL DATE:  August 27, 2020; Postponed

|  |  |
|---|---|
| CUMMINGS PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRODUCTION RESOURCE GROUP,<br>L.L.C.,<br><br>Defendant. | Docket No.:  2053SU000035 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Production Resource Group, L.L.C. ("PRG") provides the following Answer to the Complaint. PRG is filing herewith a motion to remove or transfer this action to the Superior Court due to the amount of damages sought by the Plaintiff.

PRG states that due to the Covid-19 global pandemic and resulting government shutdowns, it has been in discussions with Plaintiff since April concerning a potential amendment to the Lease, rent deferral, and/or termination. PRG admits only that it has not paid rent for the months of May through August of 2020. PRG otherwise denies all allegations in the Complaint and asserts the following affirmative defenses.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's claim is barred because this court lacks subject matter jurisdiction.

3.      The claim is barred because Cummings Properties, LLC has not suffered the damages alleged and/or it has failed to take any action to mitigate its alleged damages.

4.      Plaintiff's claim is barred by the doctrine of impossibility.

5.      Plaintiff's claim is barred by the doctrine of commercial impracticability.

6.      Plaintiff's claim is barred by the doctrine of frustration of purpose.

7.      Plaintiff's claim is barred as a result of force majeure.

8.      Plaintiff's claim for more than $932,000 in "damages" for accelerated rent under the current circumstances of a global pandemic is unconscionable and unfair and should be barred in equity.

9.      Plaintiff's claim for more than $932,000 in "damages" for accelerated rent under the current circumstances of a global pandemic should be barred by the doctrine of estoppel.

10.      Any recovery on the claim sought by the Plaintiff would result in unjust enrichment.

11.      Plaintiff's claim seeks damages in excess of $50,000 in this court and this matter should be removed to the Superior Court as set forth in Mass. R. Civ. P. 12(b)(10).

Respectfully submitted,

PRODUCTION RESOURCE GROUP, L.L.C.,

By its attorney,

_____
Daniel J. Pasquarello (BBO No. 647379)
PASQUARELLO | FINK | HADDAD LLC
185 Devonshire Street, Third Floor
Boston, MA 02110
Tel: 617-963-0042
Fax: 617-505-1571
dpasquarello@pasqfinklaw.com

Dated: August 24, 2020

## CERTIFICATE OF SERVICE

I, Daniel J. Pasquarello, certify that on this 24th day of August, 2020, a copy of the foregoing was served on counsel for the Plaintiff by e-mail to its counsel at jpm@cummings.com.

_____
Daniel J. Pasquarello

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

DISTRICT COURT DEPARTMENT
OF THE TRIAL COURT

CUMMINGS PROPERTIES, LLC,

Plaintiff,

v.

PRODUCTION RESOURCE GROUP,
L.L.C.,

Defendant.

Docket No.: 2053SU000035

## DEFENDANT'S FIRST SET OF INTERROGATORIES
## AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant Production Resource Group, L.L.C. ("PRG") hereby propounds to

Plaintiff the following document requests and interrogatories to be answered in

accordance with Massachusetts Rules of Civil Procedure 26, 33, 34, and Uniform

Summary Process Rule 7.

Copies of documents responsive to these requests and written answers should be

served upon undersigned counsel at Pasquarello | Fink | Haddad llc, 185 Devonshire

Street, Third Floor Boston, MA 02110 in accordance with the procedures and deadlines

set forth in Uniform Summary Process Rule 7.

## DEFINITIONS

1.   "You" or "Your" or "Cummings" or "Lessor" or "Landlord" means the Plaintiff, Cummings Properties, LLC, all parents and subsidiaries, and any and all agents and representatives, including all managers, officers, directors and employees.

2.   "PRG" or "Tenant" or "Lessee" means the Defendant, Production Resource Group, L.L.C. and any and all agents and representatives.

3.   "Lease" means the Commercial Lease executed on or about December 17, 2007, between Cummings, as Lessor, and Full Throttle Films, LLC d/b/a VER Video Equipment Rentals., as Lessee, subseqently assigned to PRG in 2019, and any Riders and Extensions thereto.

4.   "Premises" means the property located at 175-A, 175-D, 175-V, 175-W, and 175-X  New Boston Street, Woburn, MA, 01801, as described in the Lease.

5.   "Action" means the instant summary process eviction action instituted by Cummings.

6.   "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

7.   "Document" means any documents within the scope of Rule 34 of the Massachusetts Rules of Civil Procedure, including any draft or non-identical copy.

8.   "Concerning" means referring to, describing, offering evidence of, or constituting.

9.   "Person" means any natural person or any business, legal, or governmental entity.

10.  "State the basis" or "State all facts" means:

   a.   identify the essential acts or failures to act forming the substance of the claim, allegation or defense
   b.   identify the persons and entities that, through firsthand information or possession of documents, are the sources of the party's information regarding the claim, allegation, or defense; and
   c.   when one or more documents is the basis of the claim, allegation or defense, such as a written contract in a contractual claim or defense, or a written misrepresentation in a misrepresentation claim, identify (or provide as part of the interrogatory answer a copy of) each document.

11.  "Identify" (with respect to a person):

2

a.      when referring to a natural person to "identify" means to give, to the extent known, the person's full name, present or last known address, and current or last known place of employment.

12.     "Identify" (with respect to entities):

a.      when referring to an entity, to "identify" means to give, to the extent known, the entity's full name, including the nature of the entity, present or last known address of its headquarters or principal place of business, and the state in which the entity incorporated or otherwise created.

13.     "Identify" (with respect to documents):

a.      when referring to documents, to "identify" means to give, to the extent known, the type of document, the general subject matter, the date of the document, the author or authors, according to the document, and the persons to whom, according to the document, the document (or a copy) was to have been sent.

## DOCUMENT REQUESTS

1.  All documents concerning any default or breach of the Lease by Tenant, or any potential default or breach of the Lease by Tenant, that you allege in this Action or otherwise.

2.  All documents concerning any communications between you and PRG concerning the Lease, any payments made by PRG under the Lease, any demands made by Cummings, any alleged default or breach of the lease at any time, or any claim asserted by Cummings in this Action.

3.  All documents concerning any communications between you and any other Person concerning the Lease, any payments made by PRG under the Lease, any demands made by Cummings, any alleged default or breach of the lease at any time, or any claim asserted by Cummings in this Action.

4.  All documents concerning any payments made by PRG under the Lease from January 1, 2019 to the present.

5.  All documents concerning any communications between you and any other person concerning PRG.

6.  All documents concerning any notice of default issued by Landlord under the Lease.

7.  All documents concering any notice of termination issued by Landlord under the Lease.

8.  All documents concerning any damages you allege in this Action, including but not limited to any calculation of damages.

9.  All documents concerning your calculation of "net present value of rent for the remainder of the stated term of the commercial lease" as stated in your Complaint in the Action.

10. All documents concerning any effort that Cummings has made to mitigate any damages it has alleged in this Action.

11. All documents concerning any rent forgiveness or rent abatement that Landlord has offered to any other tenant from March 1, 2020 to the present.

12. All documents concerning the Lease, including all drafts and revisions prepared by or proposed by Cummings.

13. All documents concerning or supporting any claim you have asserted in this action.

14.     All documents concerning any proposal you made to PRG regarding the payment rent under the Lease.

## INTERROGATORIES

1.     State the basis for your claim that PRG is in breach of the Lease.

2.     Identify all payments made by PRG under the Lease from January 1, 2019 to the present.

3.     Identify all damages you seek in this action and describe in detail how you calculated those damages.

4.     Describe in detail how you calculated the "net present value of rent for the remainder of the stated term of the commercial lease" as stated in your Complaint in the Action.

5.     Identify and describe in detail any measures you have taken to mitigate the damages you allege in this Action.

6.     Identify and describe in detail any measures you have taken to market or re-let the Premises.

7.     If PRG vacates the Premises, do you intend to market or re-let the Premises?

8.     If your answer to the preceding question is yes, provide an estimate of the rent you expect to receive during the remainder of the term of the Lease.

9.     Identify any and all notices that you sent to PRG under the Lease, including but not limited to any notice of default or notice of termination.

10.    From March 1, 2020 to the present, identify any other lease you have sought to terminate and seek as damages an acceleration of rent. Your response should include the identity of the tenant and the docket number for any litigation concerning that tenant.

11.    Identify and describe in detail any loan forgiveness, loan abatement, or loan deferral that you have offered to any other tenant from March 1, 2020 until the present. Your response should include the identity of the tenant and the terms of the offer that you made.

Respectfully submitted,


PRODUCTION RESOURCE GROUP,
L.L.C.,


By its attorney,


Daniel J. Pasquarello (BBO No. 647379)
PASQUARELLO | FINK | HADDAD LLC
185 Devonshire Street, Third Floor
Boston, MA 02110
Tel: 617-963-0042
Fax: 617-505-1571
dpasquarello@pasqfinklaw.com


Dated: August 24, 2020


## CERTIFICATE OF SERVICE

I, Daniel J. Pasquarello, certify that on this 24th day of August, 2020, a copy of the foregoing was served on counsel for the Plaintiff by e-mail to its counsel at jpm@cummings.com.


Daniel J. Pasquarello

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

DISTRICT COURT DEPARTMENT
OF THE TRIAL COURT

CUMMINGS PROPERTIES, LLC,

Plaintiff,

v.

PRODUCTION RESOURCE GROUP,
L.L.C.,

Defendant.

Docket No.:  2053SU000035

## **DEFENDANT'S MOTION TO REMOVE OR TRANSFER TO SUPERIOR COURT**

In accordance with Uniform Summary Process Rule 6, Defendant Production Resource Group, L.L.C. ("PRG") hereby moves to remove or transfer this action to the Superior Court due to the amount of damages sought by the Plaintiff.

In support of this motion, Defendant states as follows:

1.      Plaintiff Cummings Properties, LLC filed this action for summary process in the District Court Department on or about August 5, 2020 seeking damages of close to $1,000,000, far in excess of typical $50,000 threshold amount for civil actions determined in District Court. In response to the Complaint, Defendant PRG has served Plaintiff with requests for discovery as of this date in accordance with Uniform Summary Process Rule 7. As a result, the originally scheduled trial date of August 27, 2020 has been automatically postponed.

2.      Plaintiff states in its Complaint that it is seeking more than $932,000 in damages in this action, primarily based upon an acceleration of future rent that it claims is due. It is

unlikely that damages in this case, if awarded, would not exceed the $50,000 threshold since Plaintiff is seeking more than $80,000 in damages for unpaid rent from May through August of this year alone. Thus, Plaintiff's damages demand far exceeds the typical limitation for actions in this court. Although this is a summary process action, which *may* proceed in this court, PRG does not consent to proceeding in this venue and does not waive its right to proceed in the Superior Court, which holds original jurisdiction for civil claims seeking damages in excess of $50,000. G.L. c. 212, § 3; G.L. c. 239, § 2; *Sperounes v. Farese*, 449 Mass. 800, 806 (2007) (requiring defendant to object regarding amount of damages or risk waiving defense); *see also, ROPT Ltd. P'Ship v. Katin*, 431 Mass. 601, 605 (2000) (nothing to suggest that summary process actions are to be tried exclusively in District Court).

3.      In addition to the amount of damages that Plaintiff seeks—which exceeds the District Court/Superior Court threshold for civil actions by nearly twenty-fold—the current circumstances brought on by the Covid-19 global pandemic and resulting government-mandated shutdowns in the Commonwealth also weigh in favor of transfer. As the Court is no doubt aware, many businesses are struggling to survive the unprecedented economic collapse of the past five months. Defendant PRG is no exception. Plaintiff is not just demanding damages for unpaid rent, however, it is demanding an acceleration of years of future rent that bears no relation to any actual damages it may incur.[1] Given the exorbitant amount of damages that Plaintiff seeks, and the potential precedent that this case or any appeal may set, PRG's objection should be honored and it should be allowed to defend this action in the Superior Court.

---

[1] Plaintiff appears to want to rush through the judicial process, wasting little time in commencing this process after the courts resumed additional operations on July 13, 2020. Plaintiff issued a demand to PRG on July 14, 2020 and initiated this action on August 5, 2020.

4.      Transfer of this action should not result in any delay or prejudice to Plaintiff. In addition to filing this motion, PRG has filed an Answer and served discovery requests under Uniform Process Rule 7, which automatically postpones the original trial date.

WHERFORE, Defendant Production Resource Group, L.L.C. respectfully requests that the Court grant its motion and remover or transfer this action to Middlesex Superior Court.

Respectfully submitted,

PRODUCTION RESOURCE GROUP, L.L.C.,

By its attorney,

Daniel J. Pasquarello (BBO No. 647379)
PASQUARELLO | FINK | HADDAD LLC
185 Devonshire Street, Third Floor
Boston, MA 02110
Tel: 617-963-0042
Fax: 617-505-1571
dpasquarello@pasqfinklaw.com

Dated: August 24, 2020

## CERTIFICATE OF SERVICE

I, Daniel J. Pasquarello, certify that on this 24th day of August, 2020, a copy of the foregoing was served on counsel for the Plaintiff by e-mail to its counsel at jpm@cummings.com.

Daniel J. Pasquarello

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    WOBURN DISTRICT COURT
                                                 SUMMARY PROCESS NO. 2053-SU-035

```
                                          )
CUMMINGS PROPERTIES, LLC,                  )
                Plaintiff,                 )
                                          )
        v.                                 )
                                          )
PRODUCTION RESOURCE GROUP, L.L.C.,         )
                Defendant.                 )
                                          )
```

### PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS
### TO THE DEFENDANT

Pursuant to Rule 7 of the Uniform Summary Process Rules and Rule 34 of the Massachusetts Rules of Civil Procedure, the plaintiff, Cummings Properties, LLC ("CPL"), hereby propounds to the defendant, Production Resource Group, L.L.C. ("Defendant" or "PRG"), the following Requests for the Production of Documents.

### DEFINITIONS

Except as otherwise expressly indicated, as used in the Requests that follow:

1.      The term "Document" shall be coextensive with the meaning of the word as stated in Superior Court Standing Order 1-09.

2.      "Person" means any natural person, corporation, firm, partnership, unincorporated association, joint venture, proprietorship, governmental body (including any administrative agency and including state, federal or local governments) or other organization or legal entity.

3.      "Communication" means oral, written or electronic communication of any type, including by way of illustration and not by way of limitation, letters, telegrams, memoranda,

telephone conversations, face-to-face conversations, meetings, conferences and any electronic transmittal or exchange of information, such as electronic mail and instant messaging.

4.      "CPL" means the Plaintiff in this action, Cummings Properties, LLC, and its agents, employees, attorneys and/or representatives of any nature.

5.      "Defendant" or "You" means the Defendant in this action, Production Resource Group, L.L.C., and any of its agents, employees, attorneys and/or representatives of any nature.

6.      "Lease" refers to the commercial lease between CPL and Full Throttle Films, LLC, executed on or about December 17, 2007 and assigned to Defendant on or about July 26, 2019.

7.      The "Leased Premises" means the commercial premises that are the subject of the Lease.

8.      "Complaint" means the "Summary Process (Eviction) Summons and Complaint" dated August 5, 2020.

10.     "Answer" means Defendant's "Answer" to the Complaint.

11.     The term "relate to" or "relating to" means constituting, concerning, mentioning, discussing, involving, pertaining to, connected with, relied upon, or in any way relevant to the indicated item.

12.     "Identify" or "provide the identity of," when used with reference to a person, means give the following information with respect to that person:

(a)     The person's full name;

(b)     The person's complete present (or last known) residence address;

(c)     The person's complete present (or last known) business address;

(d)     The person's occupation or principal business;

2

(e)     Each business affiliation held by the person during the period to which the Request applies.

13.     "Identify," when used with respect to a document, means provide the following information with respect to the document;

(a)     A description of the type of document (e.g., letter, diary, memo, etc.);

(b)     A summary of the substance of the document;

(c)     The identity of the author or the originator of the document;

(d)     The identity of the addressee or addressees (if any) of the document;

(e)     The date indicated on the document as being the date thereof, or if no date is shown upon it, the date (as exactly as possible) when the document was written, executed or produced;

(f)     The number of pages of the document;

(g)     The title of the document;

(h)     The identification number of the document (if any); and

(i)     The present location and custodian of the original of the document, the present location and custodian of any copy thereof, and the present (or last known address) of each such custodian.

14.     "Identify," when used with respect to anything other than a person or document, means list by name, define, and explain as fully and in as much detail as possible, with specific reference to all documents and persons relating to the thing or things identified.


## INSTRUCTIONS

A.     If any document requested herein was formerly in Defendant's possession, custody, or control and has been lost or destroyed, please state:

i)      the date and author of the document;

ii)     a general description of the content or subject matter of the document; and

iii)    the identity of the former custodian of the document.

B.     If any of the requested documents is claimed to be privileged or non-discoverable,

please list the following for each item:

i)     a brief general description of the nature of the document (e.g., letter, memorandum, note, etc.) and its subject matter;

ii)    its date, or if the item bears no date, the approximate date it was prepared/created;

iii)   name, occupation, position, and capacity of each person who participated in its preparation/creation;

iv)    names and positions of all persons to whom the document or a copy was addressed or who have seen the document or a copy thereof or to whom its contents have been disclosed; and

v)     the grounds for non-production (including an identification of the proceeding for which the item was prepared, if it is claimed to be work product).

C.     Unless otherwise specified in a particular Request, the time period covered by the

following Requests is **January 1, 2019 to the present**.

## REQUESTS

### REQUEST NO. 1

All documents relating to Defendant's leasing of the Premises.

### REQUEST NO. 2

All communications between Defendant and CPL relating to the Lease.

### REQUEST NO. 3

All communications between Defendant and CPL relating to the Premises.

### REQUEST NO. 4

All communications between Defendant and any other person or entity relating to the Lease.

### REQUEST NO. 5

All documents provided to, or reviewed or prepared by, any expert with which Defendant has consulted.

REQUEST NO. 6

All documents upon which Defendant intends to rely at the trial of this action.

REQUEST NO. 7

All documents that Defendant intends to introduce as evidence in the trial of this matter.

REQUEST NO. 8

All documents relating to any and all "Defenses" asserted by Defendant in its Answer.

REQUEST NO. 9

All documents identified, described, or referred to in Defendant's responses to CPL's First Set of Interrogatories, served herewith.

REQUEST NO. 10

All documents evidencing payments made by Defendant to CPL since January 1, 2020.

REQUEST NO. 11

All communications between Defendant and CPL concerning the Premises.

REQUEST NO. 12

All communications between Defendant and CPL concerning the Premises.

Respectfully submitted,

CUMMINGS PROPERTIES, LLC,

By its attorney,

Joseph P. Mingolla, BBO# 631287
200 West Cummings Park
Woburn, MA 01801
781-935-8000

Dated: August 24, 2020

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2020, I served the foregoing by causing a copy to be delivered by email upon counsel for the Defendant:

Daniel J. Pasquarello
PASQUARELLO FINK HADDAD LLP
185 Devonshire Street, 3rd Floor
Boston, MA  02110
617-963-0037
dpasquarello@pasqfinklaw.com


Joseph P. Mingolla

M:\LEGAL\`JPM\!PRG-RFPS.DOC

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    WOBURN DISTRICT COURT
                                                 SUMMARY PROCESS NO. 2053-SU-035

_____
                                                )
CUMMINGS PROPERTIES, LLC,                       )
                        Plaintiff,              )
                                                )
            v.                                   )
                                                )
PRODUCTION RESOURCE GROUP, L.L.C.,              )
                        Defendant.              )
_____)

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE DEFENDANT**

Pursuant to Rule 7 of the Uniform Summary Process Rules and Rule 33 of the

Massachusetts Rules of Civil Procedure, the plaintiff, Cummings Properties, LLC ("CPL"),

hereby propounds to the defendant, Production Resource Group, L.L.C. ("Defendant""), the

following Interrogatories:

DEFINITIONS

Except as otherwise expressly indicated, as used in the Interrogatories that follow:

1.      The term "Document" shall be coextensive with the meaning of the word as stated in

Superior Court Standing Order 1-09.

2.      "Person" means any natural person, corporation, firm, partnership, unincorporated

association, joint venture, proprietorship, governmental body (including any administrative agency

and including state, federal or local governments) or other organization or legal entity.

3.      "Communication" means oral, written or electronic communication of any type,

including by way of illustration and not by way of limitation, letters, telegrams, memoranda,

telephone conversations, face-to-face conversations, meetings, conferences and any electronic transmittal or exchange of information, such as electronic mail and instant messaging.

4.      "CPL" means the Plaintiff in this action, Cummings Properties, LLC, and its agents, employees, attorneys and/or representatives of any nature.

5.      "Defendant" or "You" means the Defendant in this action, Production Resource Group, L.L.C., and any of its agents, employees, attorneys and/or representatives of any nature.

6.      "Lease" refers to the commercial lease between CPL and Full Throttle Films, LLC, executed on or about December 17, 2007 and assigned to Defendant on or about July 26, 2019.

7.      The "Leased Premises" means the commercial premises that are the subject of the Lease.

8.      "Lessee" means the Defendant.

9.      "Complaint" means the "Summary Process (Eviction) Summons and Complaint" dated August 5, 2020.

10.      "Answer" means Defendant's "Answer" to the Complaint.

11.      The term "relate to" or "relating to" means constituting, concerning, mentioning, discussing, involving, pertaining to, connected with, relied upon, or in any way relevant to the indicated item.

12.      "Identify" or "provide the identity of," when used with reference to a person, means give the following information with respect to that person:

(a)      The person's full name;

(b)      The person's complete present (or last known) residence address;

(c)     The person's complete present (or last known) business address;

(d)     The person's occupation or principal business;

(e)     Each business affiliation held by the person during the period to which the Request applies.

13.     "Identify," when used with respect to a document, means provide the following information with respect to the document;

(a)     A description of the type of document (e.g., letter, diary, memo, etc.);

(b)     A summary of the substance of the document;

(c)     The identity of the author or the originator of the document;

(d)     The identity of the addressee or addressees (if any) of the document;

(e)     The date indicated on the document as being the date thereof, or if no date is shown upon it, the date (as exactly as possible) when the document was written, executed or produced;

(f)     The number of pages of the document;

(g)     The title of the document;

(h)     The identification number of the document (if any); and

(i)     The present location and custodian of the original of the document, the present location and custodian of any copy thereof, and the present (or last known address) of each such custodian.

14.     "Identify," when used with respect to anything other than a person or document, means list by name, define, and explain as fully and in as much detail as possible, with specific reference to all documents and persons relating to the thing or things identified.

## INSTRUCTIONS

(A)     Each interrogatory is to be answered on oath, under penalty of perjury.

(B)     If any document identified in an answer to an interrogatory was, but is no longer in your possession or subject to your custody or control, or was known to you, but is no longer in existence, state what disposition was made of it, or what became of it.

3

(C)     The information sought in these interrogatories is not limited to your personal knowledge but extends as well to any knowledge or information available to you or known to your attorneys, agents, or potential witnesses on your behalf.

(D)     If you contend that any information sought by these interrogatories is protected by the attorney-client privilege or another claimed privilege or the work product rule, please furnish sufficient information to identify clearly each privileged item of information and state all reasons for your claim of privilege.

(E)     The answers to these interrogatories are to be supplemented as provided by Mass. R. Civ. P. 26(e).

(F)     Unless otherwise specified in a particular Interrogatory, the time period covered by the following Interrogatories is **January 1, 2019 to the present.**

INTERROGATORIES

INTERROGATORY NO. 1:

Please state the name, business address, occupation, and title or position of the person answering these interrogatories.

INTERROGATORY NO. 2:

Please identify every person whom you believe to have knowledge relevant to the matters alleged in this action, stating in detail the knowledge and the basis of that knowledge.

INTERROGATORY NO. 3:

For every communication in any form, whether written, oral or electronic, which Defendant had with CPL that in any manner relates to or concerns the facts, events, occurrences or allegations set forth in the Complaint, please:

(a)     state the date of each such communication;

(b)    identify each person who was present, engaged in or in any way participated in each such communication;

(c)    state the manner in which each such communication was made on each of the dates listed in subpart (a) of this interrogatory, whether by telephone, letter, face-to-face, electronic, etc.; and

(d)    state in full and complete detail, the entire contents of each such communication made on each of the dates listed in your answer to subpart (a) of this interrogatory, indicating what was said or communicated by each of the persons listed in your answer to subpart (b).  If the communication was in writing, attach a copy of all such written communications to your answer.

<u>INTERROGATORY NO. 4</u>:

For every communication in any form, whether written, oral or electronic, which Defendant had with CPL that in any manner relates to or concerns the facts, events, occurrences or allegations set forth in the Answer, please:

(a)    state the date of each such communication;

(b)    identify each person who was present, engaged in or in any way participated in each such communication;

(c)    state the manner in which each such communication was made on each of the dates listed in subpart (a) of this interrogatory, whether by telephone, letter, face-to-face, electronic, etc.; and

(d)    state in full and complete detail, the entire contents of each such communication made on each of the dates listed in your answer to subpart (a) of this interrogatory, indicating what was said or communicated by each of the persons listed in your answer to subpart (b).  If the communication was in writing, attach a copy of all such written communications to your answer.

<u>INTERROGATORY NO. 5</u>:

Please identify all witnesses whom Defendant intends to call at the time of trial of this matter, and the subject matter of their expected testimony.

INTERROGATORY NO. 6:

Please identify each person whom Defendant intends to call as an expert witness at trial, including in the answer the following information with respect to each such person:

      a.    name and address;

      b.    current position(s) of employment;

      c.    a summary of educational history, employment history, and relevant professional experience and qualifications;

      d.    the subject matter on which the expert is expected to testify;

      e.    the substance of the facts and opinions to which the expert is expected to testify; and

      f.    a summary of the grounds for each such opinion.

INTERROGATORY NO. 7:

Please identify each payment made by Defendant to CPL during the period January 1, 2020 to date, indicating for each such payment the amount of said payment and the date on which such payment was tendered to CPL.

INTERROGATORY NO. 8:

Please identify each exhibit that Defendant intends to introduce during the summary process hearing of this Action.

INTERROGATORY NO. 9:

Please state the factual basis for each affirmative defense set forth in Defendant's Answer.

INTERROGATORY NO. 11:

Please state the reason(s) for Defendant's failure to pay rent for the months of May, June, July, and August 2020.

INTERROGATORY NO. 12:

Please indicate how many full-time employees Defendant had as of March 1, 2020.

INTERROGATORY NO. 13:

Please identify all locations for which Defendant was a party to a commercial lease as of March 1, 2020.

INTERROGATORY NO. 14:

Please identify all U.S. states in which Defendant operated as of March 1, 2020.

INTERROGATORY NO. 15:

Please provide the address of all of Defendant's business offices as of March 1, 2020.

INTERROGATORY NO. 16:

Please identify all parent companies and/or corporate affiliates (each, an "affiliate") of Defendant as of March 1, 2020, and for each such affiliate please set forth the following information as of that date:

(i)     the number of full-time employees of the affiliate;

(ii)    all locations for which the affiliate was a party to a commercial lease;

(iii)   the U.S. states and/or countries in which the affiliate operated; and

(iv)   the address(es) of the affiliates' business offices.

Respectfully submitted,

CUMMINGS PROPERTIES, LLC,

By its attorney,

Joseph P. Mingolla, BBO# 631287
200 West Cummings Park
Woburn, MA 01801
781-935-8000

Dated: August 24, 2020

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2020, I served the foregoing by causing a copy to be delivered by email upon counsel for the Defendant:

Daniel J. Pasquarello
PASQUARELLO FINK HADDAD LLP
185 Devonshire Street, 3rd Floor
Boston, MA  02110
617-963-0037
dpasquarello@pasqfinklaw.com


_____
Joseph P. Mingolla

M:\LEGAL\`JPM\!PRG-INTS.DOC

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                         WOBURN DISTRICT COURT
                                                      SUMMARY PROCESS NO. 2053-SU-035

_____
                                            )
CUMMINGS PROPERTIES, LLC,                   )
                Plaintiff,                  )
                                            )
        v.                                  )
                                            )
PRODUCTION RESOURCE GROUP, L.L.C.,          )
                Defendant.                  )
_____)

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### MOTION TO REMOVE OR TRANSFER TO SUPERIOR COURT

Plaintiff, Cummings Properties, LLC ("Cummings"), respectfully files the instant

opposition to the motion of the defendant, Production Resource Group, L.L.C. ("PRG" or

"Defendant") to remove or transfer the above-captioned action to Superior Court (the "Motion").

As grounds therefor, Cummings respectfully states as follows:

1.      The instant action arises out of a commercial lease between Cummings and PRG

for approximately 13,300 square feet of space located on New Boston Street in Woburn.  The

scheduled termination date of the lease was August 30, 2024.  Defendant's adjusted monthly rent

pursuant to the lease was $19,095.60/month.

2.      As of the date of the Motion, Defendant rental arrearage alone exceeds $76,000,

with an additional $19,095.60 due on September 1, 2020.

3.      The principal basis set forth in the Motion for removal is the amount of damages

to which Cummings is seeking pursuant to the commercial lease's accelerated rent/liquidated

damages provision, the validity of which has been upheld by the Supreme Judicial Court.[1]

_____

[1] See Cummings Properties, LLC v. National Communications Corp., 449 Mass. 490 (2007).

4.      Contrary to the Defendant's suggestion, the $50,000 "cap" on civil actions in the District Court is <u>not</u> applicable to summary process actions.   Indeed, M.G.L. c. 218, § 19 specifically provides that:

> "Notwithstanding the limitation of $25,000, or other amount ordered by the supreme judicial court, the district courts may proceed with actions for money damages <u>in any amount</u> in summary process actions." (Emphasis supplied).

5.      Nor does M.G.L. c. 239, § 2 serve as an impediment to this Court's hearing this summary process matter.   Indeed, that provision merely confirms that <u>each</u> of the District Court and Superior Court are venues in which a "person entitled to summary process" – <u>i.e.</u>, Cummings – may elect to commence such an action.   Cummings has done so in this case, and elected to exercise its right to proceed in the District Court.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Cummings respectfully requests that the Defendant's Motion be denied.

Respectfully submitted,

CUMMINGS PROPERTIES, LLC,

By its attorney,

Joseph P. Mingolla, BBO# 631287
200 West Cummings Park
Woburn, MA 01801
781-935-8000

Dated: August 26, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2020, I served the foregoing by causing a copy to be delivered by email upon counsel for the Defendant:

Daniel J. Pasquarello
PASQUARELLO FINK HADDAD LLP
185 Devonshire Street, 3rd Floor
Boston, MA  02110
617-963-0037
dpasquarello@pasqfinklaw.com


_____
Joseph P. Mingolla

M:\LEGAL\\JPM\\PRG-OPPTOMOTOTRANSFER.DOC

3

## 2053SU000035 Cummings Properties LLC v. Production Resource Group, LLC



Case Type:
Summary Process

Case Status:
Open

File Date
08/17/2020

DCM Track:

Initiating Action:
Summary Process - Commercial (c239)

Status Date:
08/17/2020

Case Judge:

Next Event:
09/10/2020

### Property Address

175-A,175-D,175-V,175W,175-X W. Cummings Park
Woburn MA 01801

| All Information | Party | Event | Docket | Disposition |
|---|---|---|---|---|

## Docket Information

| Docket Date | Docket Text | Amount Owed | File Ref Nbr. |
|---|---|---|---|
| 08/17/2020 | Appearance filed<br>On this date Joseph P Mingolla, Esq. added as Private Counsel for Plaintiff Cummings Properties LLC | | 1 |
| 08/17/2020 | Complaint filed | | 2 |
| 08/17/2020 | ADR Uniform Counsel Certification  filed by plaintiff's attorney. | | 3 |
| 08/17/2020 | Corporate disclosure statement filed by Corporate Party (S.J.C. Rule 1:21). | | 4 |
| 08/17/2020 | Termination notice filed (Uniform Summary Process Rule 2). | | 5 |
| 08/17/2020 | Event Scheduled<br>Event: Bench Trial (CV)<br>Date: 08/27/2020  Time: 09:00 AM<br>Result: Event Cancelled | | |
| 08/24/2020 | Answer filed by Production Resource Group, LLC.<br>and affirmative defenses | | 6 |
| 08/24/2020 | Motion to remove or transfer to superior court filed by Production Resource Group, LLC-Defendant. | | 7 |
| 08/24/2020 | Request for production of document(s) directed to Cummings Properties LLC filed by Production Resource Group, LLC; trial automatically continued until 09/10/2020 (Uniform Summary Process Rule 7(b)). | | 12 |
| 08/26/2020 | Opposition filed by Cummings Properties LLC to Motion to remove or transfer to superior court that was filed on 08/24/2020. | | 8 |

| Docket Date | Docket Text | Amount Owed | File Ref Nbr. |
|---|---|---|---|
| 08/27/2020 | Request for production of document(s) directed to Production Resource Group, LLC filed by Cummings Properties LLC; trial automatically continued until 09/10/2020 (Uniform Summary Process Rule 7(b)). | | 9 |
| 08/27/2020 | Interrogatories directed to Production Resource Group, LLC filed by Cummings Properties LLC; trial automatically continued until 09/10/2020 (Uniform Summary Process Rule 7(b)). | | 10 |
| 08/27/2020 | Event Resulted:  Bench Trial (CV) scheduled on:<br>      08/27/2020 09:00 AM<br>Has been: Event Cancelled      For the following reason: Discovery demand filed (Summary Process Rule 7[b])<br>Paul J McDonald, Presiding | | |
| 08/28/2020 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 09/03/2020  Time: 02:00 PM | | |
| 08/28/2020 | Event Scheduled<br>Event: Bench Trial (CV)<br>Date: 09/10/2020  Time: 09:00 AM | | |
| 08/28/2020 | Appearance filed<br>On this date Daniel J Pasquarello, Esq. added as Private Counsel for Defendant Production Resource Group, LLC | | 11 |
| 08/28/2020 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 09/03/2020  Time: 02:00 PM | | |