United States District Court
District of Massachusetts

|  |  |
|---|---|
| Cummings Properties, LLC, ) ) Plaintiff, ) ) v. ) ) Production Resource Group, ) L.L.C., ) ) Defendant. ) | Civil Action No. 20-11653-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises out of a commercial lease between plaintiff Cummings Properties, LLC ("Cummings Properties" or "plaintiff"), the lessor, and Production Resource Group, L.L.C. ("PRG" or "defendant"), the lessee.  In August, 2020, plaintiff commenced summary process in the District Court in Woburn, Massachusetts ("Woburn District Court") to evict PRG pursuant to M.G.L. c. 239 § 1 et seq. based on PRG's alleged failure to pay rent.  After filing an answer, discovery requests and a motion in state court, defendant timely removed the action to this Court on diversity jurisdiction grounds.

Pending before the Court is plaintiff's motion to remand to state court.  For the reasons that follow, that motion will be denied.

-1-

**I.   Background**

Cummings Properties, a commercial landlord, is a Massachusetts limited liability company with its principal place of business in the Commonwealth.  PRG is a Delaware limited liability company with its principal place of business in New York.[1]

In or before 2020, plaintiff leased certain properties to defendant.  It alleges that defendant subsequently breached the lease agreement in that PRG failed to pay rent between May, 2020, and August, 2020.  On August 5, 2020, Cummings Properties thus served upon PRG a summary process complaint pursuant to M.G.L. c. 239 § 1 et seq., seeking to evict defendant from the premises and to collect liquidated damages in the amount of approximately $930,000.  Soon thereafter, plaintiff filed an eviction case in Woburn District Court.

One week later, PRG filed its answer, served interrogatories and document requests and moved to transfer the case to the Massachusetts Superior Court.  With respect to its motion to transfer, PRG contended that plaintiff's damages demand "far exceeds the typical limitations for actions in [district court]" and the summary proceeding was, thus, more

---

[1] The Court presumes, because neither party has raised the issue, that all of the "members" of the plaintiff limited liability company are diversely domiciled from all of the "members" of the defendant limited liability company.

-2-

suitable in Superior Court, which has original jurisdiction over claims for damages exceeding $50,000, citing M.G.L. c. 212, § 3. Cummings Properties opposed that motion and oral argument was heard before Woburn District Judge Marianne C. Hinkle on September 3, 2020.  At the conclusion of that hearing, the state district judge orally denied PRG's motion.

The next day, PRG removed the action to this Court based on diversity jurisdiction.  In the pending motion, Cummings Properties requests that this Court remand the action to state court.  It contends that, by filing and arguing a motion in state court, PRG manifested a clear intent to accept state court jurisdiction and, therefore, waived its right to remove this case to federal court.  Plaintiff adds that PRG removed the action only after its motion to transfer to the Massachusetts Superior Court was denied and its removal to federal court thus constitutes unwarranted forum shopping.

II. **Motion to Remand**

It is apparently undisputed that the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a), namely diversity of citizenship of the parties and amount in controversy, are satisfied in this case.  It is likewise undisputed that PRG filed its Notice of Removal within 30 days of its receipt of plaintiff's initial complaint, as required by 28 U.S.C. § 1446.

Plaintiff, nonetheless, asserts that removal was improper because, by virtue of defendant's intervening conduct, i.e. first litigating in state court, it waived its right to remove to federal court and unequivocally submitted to state court jurisdiction. Plaintiff submits that PRG not only filed an answer and served discovery requests in state court but also expressly invoked state court jurisdiction by moving to transfer the matter from the Woburn District Court to Massachusetts Superior Court. Only after that motion was denied, plaintiff avers, did defendant remove the action to this Court.

Defendant responds that none of its actions taken in state court manifested an intent to adjudicate the summary proceedings there. Indeed, none of the filings sought to litigate the case on the merits. Instead, defendant sought only to comply with the accelerated timeline which applies to summary process in Massachusetts state courts in order to preserve its rights.

### A.   Legal Standard

Removal of an action to this Court based on diversity jurisdiction is proper if the Court determines, by a preponderance of the evidence, that complete diversity exists and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441 & 1446; Lucas v. Ultima Framingham LLC, 973 F. Supp. 2d 98, 100 (D. Mass. 2013). Notice of removal must be filed within 30 days of the defendant receiving either a copy of the

initial pleading or service of summons. 28 U.S.C. § 1446(b)(2)(A).

Once a case is removed, a plaintiff has 30 days to file a motion to remand the case to state court, noting any defect with the removal process. 28 U.S.C. § 1447(c).  One such defect is waiver by defendant of the right to remove an action to federal court. See D.B. ex rel. Elizabeth B. v. Sutton School Dist., No. 10-cv-10897, 2011 WL 475064, at *3 (D. Mass. Feb. 3, 2011).  A defendant waives such right if it manifests a clear and unequivocal intent to adjudicate the case in state court. See id.

To manifest such intent, a defendant must do more than take actions "designed [only] to preserve [its] rights without the risk of entry of default due to missed deadlines." City of Springfield, Mass. v. Comcast Cable Communications, Inc., 670 F. Supp. 2d 100, 105 (D. Mass. 2009).  Indeed, "short of seeking an adjudication on the merits" in state court, a defendant's right to remove an action to federal court will not be lost. Id.; see, e.g., Cogdell v. Wyeth, 366 F.3d 1245, 1249 (11th Cir. 2004) (filing a motion to dismiss in state court did not constitute waiver of removal right); Hernandez-Lopez v. Puerto Rico, 30 F. Supp. 2d 205, 209 (D.P.R. 1998) (removing party did not waive its right to removal despite filing an answer, a motion and

supporting memorandum and a limited interrogatory in state court).

### B. Application

Having reviewed the state court record, this Court concludes that PRG did not waive its right to remove this action to federal court. Although defendant filed an answer, served discovery requests and moved to transfer the case to another state court before removing the action to this Court, none of those actions sought to litigate the merits of the case. Instead, those measures were taken only to preserve PRG's rights in light of the accelerated timeline which applies to summary process proceedings. See Mass. R. Summary Process 1, eds. cmt. ("[T]ime is of the essence in eviction cases.").

Because PRG has not litigated the merits of this case in state court and it has filed its Notice of Removal within 30 days of being served the complaint, this case is properly before this Court. Accordingly, plaintiff's motion for remand will be denied.

### ORDER

For the foregoing reasons, plaintiff's motion to remand (Docket No. 5) is **DENIED.**

**So ordered.**

\s\ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 2, 2021

-6-